IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSIE JAMES WHIGHAM,
    Plaintiff,

vs.                                    5:07cv159/RS/MD

DR. RONALD LIPPMANN, et al.
    Defendants.

## **REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a civil complaint and motion to proceed *in forma pauperis* on July 2, 2007. After plaintiff supplemented his *in forma pauperis* motion with supporting documentation (doc. 10), on August 7, 2007 this court entered an order assessing an initial partial filing fee of $10.00 based on the documentation he provided to the court, stating that he had had deposits of $50.00 per month into his inmate account for the previous four months. (Doc. 13). Plaintiff was transferred to the Department of Corrections, since which time he has filed other motions and account information. (See Doc. 24, 27, 28, 29, 31, 32, 33).[1] On October 11, 2007, the court directed plaintiff to show cause why his case should not be dismissed due to his non-payment of the filing fee. (Doc. 31). Plaintiff's response to the order continues to reflect his misunderstanding of how the initial partial filing fee was calculated, and the fact that his amount is past due. (Doc. 34). Therefore, plaintiff's case is subject to dismissal for his failure to prosecute or to comply with an order of the court.

---

[1] An amended order granting leave to proceed *in forma pauperis* was also sent to the DOC. (Doc. 25)

In addition, the court notes that plaintiff's complaint, as presented, fails to state a claim upon which relief can be granted against the named defendants. Plaintiff was injured in a slip and fall incident during his incarceration at Bay Correctional Facility. He names Dr. Ron Lippman, Assistant Warden Richard Thore and Warden Joseph Ponte as defendants, although there are allegations in the complaint against many other individuals. He asserts a claim of medical negligence and appears to contend that either the warden or assistant warden are responsible for his accident because he was not provided with size 14 shower slides in good condition. However, neither medical negligence nor respondeat superior, is sufficient to state a claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976) ( The inadvertent or negligent failure to provide adequate medical care, including medical malpractice, "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'"); *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) ("not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'"(quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999)); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (*respondeat superior*, without more, does not provide a basis for recovery under section 1983); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003). Plaintiff's allegations do not establish that any of the named defendants was responsible in any way for his slip and fall accident, or that any of the named defendants has violated his constitutional rights.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action, or in the alternative for failure to state a claim.

At Pensacola, Florida, this 24th day of October, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:07CV159/RS/MD

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).